DENNIS A. CAMMARANO / 6154
CAMMARANO LAW GROUP
555 East Ocean Boulevard, Suite 501
Long Beach, California  90802
Telephone:  (562) 495-9501
Facsimile:   (562) 495-3674
e-mail: dcammarano@camlegal.com

Attorney Plaintiff,
MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

IN ADMIRALTY

| | |
|---|---|
| MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HANJIN SHIPPING CO., LTD.<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGE TO CARGO; NEGLIGENCE /WILLFUL MISCONDUCT; BREACH OF CONTRACT; BREACH OF WARRANTY; BREACH OF BAILMENT** |

Plaintiff MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA (hereafter "MITSUI") alleges as follows:

## JURISDICTION AND VENUE

1.  This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (Federal Question), i.e. the Carriage of Goods by Sea Act, 46 U.S.C. §1300 et seq. In addition, this court has supplemental jurisdiction under 28 U.S.C. § 1367.

2.  Venue is proper in this judicial district pursuant to 28 U.S.C. §

13901(b) in that the parties stipulated to this venue in a transportation contract.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Damage to Cargo)

3. Plaintiff MITSUI SUMITOMO INSURANCE COMPANY OF AMERICA is an insurance corporation authorized to do business in the State of New York with an office and place of business at c/o Mitsui Sumitomo Marine Management (U.S.A.), 560 Lexington Avenue, 20th Floor, New York, New York 10022. Plaintiff brings this action on its own behalf and on behalf of all others having any interest in the Cargo referred to below in that Plaintiff insured the cargo against the risks of loss alleged below.

4. At all times material herein, Defendant, HANJIN SHIPPING CO., LTD., (hereinafter "HANJIN" or with Does "Defendants"), was a corporation doing business as Hanjin Shipping Company, Ltd. in this judicial district as a common carrier and freight forwarder with an office and principal place of business at 3075 West Ray Road, #500, Chandler, AZ 85226.

5. Plaintiff has no knowledge of the true names and capacities of Defendants sued herein as DOES 1 through 10, inclusive, except that Plaintiff is informed and believes, and on that basis alleges, that the loss of the cargo was proximately caused by Defendants' wrongful acts. Plaintiff therefore sues the Defendants by such fictitious names and Plaintiff will amend this complaint to

allege their true names and capacities when ascertained.

6.     Plaintiff is informed and believes, and on that basis alleges, that each of the Defendants were at all times herein mentioned the agent, servant, employee, or contractor of the other Defendants.

7.     In October 2014, Rayonier Performance Fibers, LLC ("RAYONIER") sold a shipment of wood pulp to its customer in Hyogo, Japan.  The shipment consisted of 16 containers of rolled Dissolving Sulfite Wood Pulp ("Cargo") to be carried aboard the M/V HANJIN MONACO 0041W from Savannah, Georgia to Kobe, Japan, in the same good order and condition as when received under HANJIN'S sea waybill HJSCATL422196400 dated October 31, 2014.

8.     Upon arrival of the Cargo in Japan on December 25, 2014, the contents in container HJCU1454464 containing 80 packages of rolled Dissolving Sulfite Wood Pulp were damaged.

9.     Defendants, and each of them, failed and neglected to carry, handle and monitor the Cargo and maintain its good order and condition as when received. To the contrary, the cargo was damaged by salt water while in the actual or constructive care and custody of Defendants.

10.    By reason of the foregoing, Plaintiff has been damaged in the sum of $11,385.71, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Negligence/Willful Misconduct)

11. Plaintiff refers to paragraphs 1 through 10, inclusive, of this complaint and incorporates them herein as though fully set forth.

12. The loss to the Cargo was directly and proximately caused by the negligence, carelessness, and willful misconduct of Defendants, and each of them.

13. As a direct and proximate result of such conduct, Plaintiff has been damaged in the sum of $11,385.71, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Breach of Contract)

14. Plaintiff refers to paragraphs 1 through 13, inclusive, of this complaint and incorporates them herein as though fully set forth.

15. On or about October 31, 2014, Defendants, and each of them, agreed to safely handle, store, count, transport and deliver the Cargo in the same good order and condition as when received.

16. Defendants, and each of them, materially and substantially breached and deviated from their agreement by failing to deliver the Cargo in the same good order and condition as when received.

17. All, of any, conditions and/or covenants required to be performed in

accordance with the terms and conditions of the agreement, were complied with or otherwise excused.

18. As a direct and proximate result of the material breach of, and deviation from, the agreements by Defendants, Plaintiff has been damaged in the sum of $11,385.71, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants.

## FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS

### (Breach of Bailment)

19. Plaintiff refers to paragraphs 1 through 18, inclusive, of this complaint and incorporates them herein as though fully set forth.

20. The damage of the Cargo was directly and proximately caused by the acts and omissions of Defendants, and each of them, in violation of their statutory and common law duties and obligations as bailees to safely care for the Cargo and take adequate exception to its condition upon receipt.

21. By reason of the foregoing, Plaintiff has been damaged in a sum of $11,385.71, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Breach of Warranty)

22. Plaintiff refers to paragraphs 1 through 20, inclusive, of the

Complaint and incorporates them herein as though fully set forth.

23. In loading and unloading the Cargo, Defendants warranted that they would perform the services in a workmanlike manner using the proper equipment and personnel.

24. Defendants improperly stowed, loaded and offloaded the Cargo and thus, breached their warranty.

25. As a direct and proximate result of defendant's breach of warranty, Plaintiff has been damaged in the sum of $11,385.71, plus miscellaneous expenses, interest and costs, no part of which has been paid by Defendants despite demand therefor.

\\\
\\\

## **PRAYER**

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

1.   For general damages in the sum of $11,385.71, plus miscellaneous expenses, interest and costs;

2.   For costs of suit herein; and

3.   For such other and further relief as this court deems just and proper.


Dated: July 29, 2016                              CAMMARANO LAW GROUP

By: *s/Dennis A. Cammarano*
    Dennis A. Cammarano
    Attorney for Plaintiff,
    MITSUI SUMITOMO INSURANCE
    COMPANY OF AMERICA

*3353 complaint 071716.wpd*